FOR PUBLICATION

```
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
           APPELLATE DIVISION
```

WILLY PIERRE-LOUIS,            )
                               )
         Appellant,            )
                               )
    v.                         ) D.C. Crim. App. No.2006-26
                               )
PEOPLE OF THE VIRGIN ISLANDS,  ) Super. Ct. Crim. No. F240/2005
                               )
         Appellee.             )
_____)

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Brenda J. Hollar Presiding

Considered: December 8, 2009
Filed: April 3, 2014

BEFORE: **CURTIS V. GOMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands.[1]

ATTORNEYS:

**Clive Rivers, Esq.**
St. Thomas, U.S.V.I.
    *Attorney for Appellant.*

**Dolace McLean, Esq.**
St. Thomas, U.S.V.I.
    *Attorney for Appellee.*

**MEMORANDUM OPINION**

---

[1] While Judge Patricia D. Steele, of the Virgin Islands Superior Court, sat on the panel that considered this matter, she retired before the decision was issued.

Case: 3:06-cr-00026-CRA-GWB   Document #: 26   Filed: 04/03/14   Page 2 of 8

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 2

**Per curiam.**

Willy Pierre-Louis ("Pierre-Louis") appeals his conviction for one count of reckless endangerment in the first degree, in violation of Title 14, Section 625(a) of the Virgin Islands Code.

## I. FACTS

On May 21, 2005, at approximately 9:00 P.M. Officer Mario Stout ("Stout") received a tip regarding the location of Augustin Mejia Gonzales ("Gonzales"), the suspect of a murder investigation. Stout obtained a copy Gonzales's photograph and arrest warrant. (Trial Tr. Vol. I at 77:13-78:2, 80:18-24.) Stout got into an unmarked vehicle with three other officers. (Trial Tr. Vol. I at 81:22-82:5.) Officer Kent Hodge ("Hodge") drove the vehicle, while Officer Leroy Huyghue ("Huyghue") rode in the front passenger seat. Stout sat behind Hodge. (Trial Tr. Vol. I at 81:22-82:1.) Officer Edward Brathwaite ("Brathwaite") rode in the rear passenger seat. (Trial Tr. Vol. I at 81:22-82:1.)

Acting on the information received from Major Crimes Unit, the officers in the unmarked vehicle traveled to the Market Square area in St. Thomas and began following a light blue Toyota Corolla. (Trial Tr. Vol. I at 82:7-12.) Stout testified that he could see that the driver of the Corolla was Pierre-Louis. He did not identify Gonzales as being present or in the Corolla. (Trial Tr. Vol. I at 84:14-85:4.) The officers followed the Corolla to Main Street. There, Stout testified that the officers attempted to stop the Corolla, with

Case: 3:06-cr-00026-CRA-GWB   Document #: 26   Filed: 04/03/14   Page 3 of 8

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 3

Officer Huyghue shouting, "Police! Stop!" The Corolla then sped up and drove through a red light. (Trial Tr. Vol. I at 85:14-86:2.) The officers pursued the Corolla. Stout testified that also in pursuit was a marked police car that was in the area, which joined the pursuit with its lights flashing. (Trial Tr. Vol. I at 86:2-13.) Stout estimated that the Corolla's speed exceeded thirty miles per hour, in an area where the speed limit was twenty miles per hour. (Trial Tr. Vol. I. at 86:16-22.)

Officer Brathwaite testified that he then saw Pierre-Louis reach around in the back of his car for something, then raised up an object. (Trial Tr. Vol. I at 139:11-13, 15.) Brathwaite told the other officers that he believed Pierre-Louis had a weapon. (Trial Tr. Vol. I. at 139:13-15.) Brathwaite testified that Pierre-Louis pointed the object at the officers' car and the back window of the Corolla shattered. (Trial Tr. Vol. I. at 139:15-16.) Brathwaite and the other officers fired at the Corolla and it accelerated, driving through another red light. The officers continued to pursue the car until eventually Pierre-Louis stopped the car in the parking lot of a nightclub. (Trial Tr. Vol. I. at 139:20-141:7.)

Pierre-Louis testified that he was driving his Corolla when he noticed that a car was following him. (Trial Tr. Vol. II at 112:24-25.) Pierre-Louis testified that he did not realize that he was being followed by police officers. (Trial Tr. Vol. II. at 117:14-17.) Pierre-Louis tried to speed away from the unmarked police

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 4

car when he heard several shots fired and was shot by one bullet in the neck. (Trial Tr. Vol. II. at 113:11-15.) Pierre-Louis testified he at first attempted to drive to the hospital, but, fearing he would not make it there in time, he drove instead to a popular night club where he hoped that his assailants would not kill him given the large number of potential witnesses. (Trial Tr. Vol. II. at 116:11-16.)

After Pierre-Louis stopped his car, he was arrested and then treated for his injuries. Pierre-Louis was charged with three counts: reckless driving, interfering with an officer discharging his duty, and operating a motor vehicle in a reckless manner.

A jury trial on the amended three-count Information commenced on November 14, 2005. Despite a timely request by Pierre-Louis, the Superior Court declined to instruct the jury on the defense of resistance by a person about to be injured. The jury found Pierre-Louis guilty of reckless driving, and acquitted him of the remaining counts. Pierre-Louis was sentenced to the maximum term of five years imprisonment. Thereafter, Pierre-Louis timely filed this appeal.

## II. DISCUSSION

### A. Jurisdiction

The Appellate Division has jurisdiction to review final judgments and orders of the Superior Court. *See* 4 V.I.C. § 33; Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a (2006).

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 5

B. <u>Standard of Review</u>

Jury instructions are ordinarily reviewed for abuse of discretion. *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 513 (3d Cir. 1997). However, a criminal defendant "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (U.S. 1988).

### III. <u>ANALYSIS</u>

Pierre-Louis contends the Superior Court committed reversible error in failing to instruct the jury as to the concept of resistance by a party to be injured.

The United States Court of Appeals for the Third Circuit has recognized that the defense of resistance by a party to be injured is available against a variety of charges, including murder and assault. *See, e.g.*, *Virgin Islands v. Isaac*, 50 F.3d 1175, 1181 (3d Cir. 1995); *Gov't of Virgin Islands v. Salem*, 456 F.2d 674, 675 (3d Cir. 1972).

The defense of resistance by a person about to be injured is also recognized by the Virgin Islands Code. Title 14, Section 41 of the Virgin Islands Code ("Section 41") authorizes "[a]ny person about to be injured" to "make resistance sufficient to prevent . . . an offense against his person or his family or some member thereof." V.I. CODE ANN. tit. 14, § 41(2) (2012). No language in the text of

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 6

Section 41 limits its availability against the charge of reckless driving.

In *Virgin Islands v. Isaac*, 50 F.3d 1175, 1181 (3d Cir. 1995), the defendant, Samuel Isaac ("Isaac"), was charged with second degree murder after he stabbed another person during an altercation at a bar. At trial, the nature of the altercation was hotly disputed. Four witnesses, all friends of the deceased, testified that Isaac initiated the altercation and that the deceased was not causing any trouble. *Id.* at 1177-78. However, a bartender testified that the deceased initiated the dispute by pushing Isaac. *Id.* at 1178. While Isaac attempted to run away, the deceased reached after Isaac and started beating him. *Id.* Isaac testified that the deceased stated the deceased had a gun, threatened to shoot random people at the bar, and then began pushing and hitting Isaac and throwing bottles and plates at Isaac. *Id.* Isaac sought, and the trial court refused to give, an instruction on the right of resistance by a person about to be injured. Thereafter, Isaac was convicted. *Id.*

The Third Circuit overturned the defendant's conviction. *Id.* at 1185. The Court noted that although the evidence adduced at trial was "sharply conflicting," "[t]he jury could have believed the testimony of Isaac and [the bartender] that [the deceased] punched Isaac before Isaac swung the . . . knife or the testimony of [the deceased]'s friends that [the deceased] made no assaultive move before the stabbing." *Id.* The Court stressed that "It is not our

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 7

function nor that of the district court to make credibility determinations." *Id.* at 1184. Thus, the Court concluded, it was error for the trial court to refuse to instruct the jury on the defense of resistance by a person about to be injured. *Id.* at 1185.

Here, although the testimony of the officers and Pierre-Louis was sharply conflicting, a reasonable jury could have believed Pierre-Louis's claim that he did not believe he was being pursued by the police. Pierre-Louis was being pursued by an unmarked car and was shot in the neck. As such, the jury could have thought that Pierre-Louis's reckless driving was an attempt to resist imminent unlawful injury. The decision of whether to grant more weight to officer's testimony than Pierre-Louis's was not one for the trial court to make. The jury should have been permitted to consider the defense of resistance by a person about to be injured. It follows that the trial court erred in declining to instruct the jury on the availability of that defense.

Accordingly, the Superior Court committed reversible error in denying Pierre-Louis an instruction regarding resistance by a party to be injured.[3]

### IV. CONCLUSION

For the foregoing reasons, the Court will reverse Pierre-Louis's conviction and remand the matter for further

---

[3] Because we have found that the Superior Court committed reversible error in denying the requested jury instruction, we need not address the other issues raised in Pierre-Louis's appeal.

Case: 3:06-cr-00026-CRA-GWB Document #: 26 Filed: 04/03/14 Page 8 of 8

*Pierre-Louis v. People of the Virgin Islands*
Crim. App. No. 2006-26
Memorandum Opinion
Page 8

proceedings consistent with this Opinion. An appropriate Order follows.